IN THE COUNTY COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
SMALL CLAIMS DIVISION

Mark Cruz,

    Plaintiff,

v.

Helvey & Associates, Inc.,

    Defendant.

Case No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, **Mark Cruz**, ("**Mr. Cruz**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Helvey & Associates, Inc.** ("**Helvey**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages not exceeding $8,000.00, brought by Mr. Cruz against Helvey for violations of the *Florida Consumer Collection Practices Act*, Florida Statute § 559.55, *et seq.* ("**FCCPA**"), the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), and the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, the FCCPA, Florida Statute § 559.77, and Florida Statute § 34.01.

3. Helvey is subject to the provisions of the FDCPA, the FCRA, and the FCCPA, and to the jurisdiction of this Court, pursuant to Florida Statute § 48.193.

4. Venue is proper in Hernando County, Florida, pursuant to Florida Statute § 47.051, because the acts complained of were committed and / or caused by the Defendant therein.

Page **1** of **14**

## PARTIES

### Mr. Cruz

5. **Mr. Cruz** is a natural person residing in Spring Hill, Hernando County, Florida.

6. Mr. Cruz is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c), the FDCPA, 15 U.S.C. § 1692a(3), and the FCCPA, Florida Statute § 559.55(8).

### Helvey

7. Helvey is an Indiana corporation with a principal business address of **1015-1029 E. Center St., Warsaw, IN 46580**.

8. Helvey's Indiana registered agent is **Brent D. Byers, 3804 S. Elaine Dr., Warsaw, IN 46580**.

9. Helvey is a *Debt Collector* within the meaning of the FCCPA, Florida Statute §559.55(7), and the FDCPA, 15 U.S.C. § 1692a(6), in that it uses an instrumentality of commerce, including postal mail and the internet, interstate and within the State of Florida, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Helvey is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA0900489**.

11. As licensed a CCA, Helvey knows, or should know, the requirements of the FDCPA, the FCCPA, and the FCRA.

## FACTUAL ALLEGATIONS

12. Sometime in August 2021, Mr. Cruz allegedly incurred a debt in the amount of $183 to Duke Energy Florida ("**Duke**") for utility services (the "**Debt**").

13. The alleged Debt arose from services which were primarily for family, personal, or household purposes, *specifically* for utility services to Mr. Cruz's home, and therefore meets the definitions of *Debt* under the FDCPA, 15 U.S.C. §1692a(5), and the FCCPA, Florida Statute §559.55(6).

14. Around October 2021, Duke assigned, or otherwise transferred the Debt to Helvey.

15. However, once Mr. Cruz learned of the Debt, he immediately contacted Duke and paid the $183 balance to Duke directly.

16. In or around December 2021, Helvey began reporting the Debt, monthly, to the major *Consumer Credit Reporting Agencies* ("**CRAs**"), including, Trans Union and Equifax. **SEE PLAINTIFF'S EXHIBITS A and B.**

## Mr. Cruz's Dispute of the Debt

17. In or around December 2021, Mr. Cruz requested and obtained a copy of his consumer credit disclosures from Trans Union and Equifax.

18. Mr. Cruz saw the Helvey tradeline reporting to his credit, and on that day, he disputed Helvey's reports of the account to both Trans Union and Equifax.

19. Trans Union and Equifax, upon receipt of Mr. Cruz's dispute, sent Helvey an *Automated Consumer Dispute Verification* ("**ACDV**") request form through an online platform known as e-OSCAR, asking Helvey to make a reasonable investigation into the dispute.

20. Helvey responded to the ACDVs from Trans Union and Equifax, verifying that its reports were accurate and confirming the data. **SEE PLAINTIFF'S EXHIBITS C and D.**

21. In its ACDV responses to the CRAs, Helvey failed to update its reports of the account to reflect that the account was disputed by Mr. Cruz, even though Helvey knew, by virtue of having received multiple disputes from the CRAs, that Mr. Cruz disputed the Debt.

22. The failure to update a report to indicate that a debt is disputed can, in and of itself, violate the FCRA. *See Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142 (4th Cir. 2008).

23. If a furnisher like Helvey chooses to report disputed information as verified, "the question of whether the furnisher behaved reasonably will turn on whether the furnisher acquired sufficient evidence to support the conclusion that the information was true." *Hinkle v. Midland Credit Management, Inc.* (11th Cir.) 827 F.3d 1295 (2016)

24. Helvey could have easily inquired with its client, Duke Energy, to verify if the account had been paid, and would have imposed a minimal burden on Helvey.

25. However, Helvey failed to make any such inquiry with Duke Energy.

26. Helvey thus failed to conduct a reasonable investigation into Mr. Cruz's dispute. No reasonable investigation could have determined that the Debt was owed by Mr. Cruz and undisputed by Mr. Cruz.

27. A debt collector who becomes aware that a debt is disputed is required to include notice of dispute in all subsequent communications in connection with the collection of that debt. *See* 15 U.S.C. § 1692e(8).

28. The tradeline thus appeared on Mr. Cruz's credit reports as a "non-disputed" debt.

29. Helvey's failure to disclose that the Debt was disputed materially damaged Mr. Cruz's credit scores.

30. The failure to properly report a disputed debt *as disputed* creates a concrete injury-in-fact because the failure to disclose this information affects credit scores, meaning Mr. Cruz suffered "a real risk of financial harm caused by an inaccurate credit rating." *Evans v. Portfolio Recovery Associates*, 889 F. 3d 337, 345 (7th Cir 2018).

31. Trans Union and Equifax included Helvey's errant credit information in reports it sold to creditors, or potential creditors, of Mr. Cruz.

32. As a result, Mr. Cruz has suffered damages including loss of credit and damage to his reputation.

33. Mr. Cruz has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
### HELVEY'S VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e

34. Mr. Cruz adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

35. Helvey violated **15 U.S.C. § 1692e** when Helvey made false and/or misleading representations in an attempt to collect a debt, when it reported the Debt to Trans Union and Equifax, indicating that a disputed debt was not disputed, and that the Debt was unpaid and remained owed to Duke Energy, when Mr. Cruz had already settled the Debt.

36. Helvey's actions render it liable for the above-stated violations of the FDCPA, and Mr. Cruz is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT II
### HEVLEY'S VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(10)

37. Mr. Cruz adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

38. Helvey violated **15 U.S.C. § 1692e(10)** when Helvey made false and/or misleading representations in an attempt to collect the Debt, when it reported the Debt to Trans Union and Equifax, indicating that a disputed debt was not disputed, and that the Debt was unpaid and remained owed to Duke Energy, when Mr. Cruz had already settled the Debt.

39. Helvey's actions render it liable for the above-stated violations of the FDCPA, and Mr. Cruz is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT III
## HELVEY'S VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(8)

40. Mr. Cruz adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

41. Helvey violated **15 U.S.C. § 1692e(8)** when Helvey communicated credit information known to be false, specifically that the Debt was not disputed, when it was disputed, and that the Debt was unpaid and remained owed to Duke Energy, when Mr. Cruz had already settled the Debt.

42. Helvey violated **15 U.S.C. § 1692e(8)** when Helvey communicated credit information which was known to be disputed, or which should have been known to be disputed, without disclosure of dispute, in its reports to Trans Union and Equifax in January 2022.

43. Helvey's actions render it liable for the above-stated violations of the FDCPA, and Mr. Cruz is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT IV
## HELVEY'S VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(2)(a)

44. Mr. Cruz adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

45. Helvey violated **15 U.S.C. § 1692e(2)(a)** when Helvey made false and misleading representations about the character, amount and legal status of the Debt when it falsely claimed that the Debt was not disputed, when it was disputed, and that the Debt was unpaid and remained owed to Duke Energy, when Mr. Cruz had already settled the Debt.

46. Helvey's actions render it liable for the above-stated violations of the FDCPA, and Mr. Cruz is therefore entitled to statutory damages up to $1,000.00 as well as other relief.

## COUNT V
## HELVEY'S VIOLATIONS OF THE FCCPA – FLA. STAT. 559.72(6)

47. Mr. Cruz incorporates paragraphs 1 – 33 as if fully restated herein.

48. Helvey violated **Florida Statute § 559.72(6)** when it communicated credit information known to be disputed without disclosure of dispute, in its reports to Trans Union and Equifax, and it made such reports willfully and with malice, to harm Mr. Cruz's ability to obtain new credit.

49. Helvey violated **Florida Statute § 559.72(9)** when it asserted a debt was legitimate when it had already been paid and was, thus, no longer a "debt."

50. Helvey's actions were willful, intentional, and done with malice.

51. "Malice can be established by evidence showing the defendant made a false statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.'" *Long v. Pendrick Capital Partners II, LLC*, Case No.: GJH-17-1955 (D. Md. Mar. 18, 2019) (quoting *New York Times v. Sullivan*, 376 U.S. 254, 270-80 (1964)).

52. By its conduct, Helvey is liable for the above-stated violation of the FCCPA.

### COUNT VI
### HELVEY'S VIOLATIONS OF THE FCRA – 15 U.S.C. § 1681s-2(b)

53. Mr. Cruz adopts and incorporates paragraphs 1 – 33 as if fully stated herein.

54. Helvey violated **15 U.S.C. § 1681s-2(b)** when it failed to update, modify, or correct its reports after receiving notice of disputes from a CRA. Specifically, Helvey failed to label the Debt as disputed, despite Mr. Cruz never withdrawing his dispute, and when it failed to update, correct or delete information about the Debt being unpaid, as it had been paid directly to Duke Energy.

55. The information Helvey reported and verified was clearly inaccurate, and indeed no reasonable investigations were actually conducted by the Defendant.

56. Helvey's conduct was willful and intentional, or, alternately, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Cruz.

57. As a result of its conduct, Helvey is liable to Mr. Cruz pursuant to the FCRA for statutory damages of up to $1,000 for *each occurrence*, and other relief.

58. Helvey's above actions caused Mr. Cruz to suffer damages to his credit report and scores, as well as emotional distress in having to deal with an account which he disputed and was not marked as such.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Cruz respectfully requests this Honorable Court enter judgment in his favor, and against Helvey, for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Statutory damages of **$1,000.00**, pursuant to Florida Statute § 559.77(2);

c. Statutory damages of **$2,000.00**, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

d. Actual damages, including damages for loss of credit opportunities, damage to credit scores, and for emotional distress;

e. Injunctive relief prohibiting Helvey from trying to collect the Debt from Mr. Cruz utilizing any methods prohibited by law;

a. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Florida Statute § 559.77(2), 15 U.S.C. § 1681n(a)(3), and / or 15 U.S.C. § 1681o(a)(2); and,

f. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Cruz hereby demands a jury trial on all issues so triable.

Respectfully submitted on January 12, 2022, by:

**SERAPH LEGAL, P. A.**

/s/ *Brandon D. Morgan*
Brandon D. Morgan, Esq.
Florida Bar Number: 1015954
BMorgan@SeraphLegal.com

/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar Number: 118103
TBonan@SeraphLegal.com

1614 North 19th Street
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

| | |
|---|---|
| A | Mr. Cruz's Trans Union Consumer Disclosure, January 9, 2022, Helvey Tradeline - Excerpt |
| B | Mr. Cruz's Equifax Consumer Disclosure, January 9, 2022, Helvey Tradeline - Excerpt |
| C | Trans Union's Dispute Results to Mr. Cruz, January 5, 2022, Helvey Tradeline - Excerpt |
| D | Equifax's Dispute Results to Mr. Cruz, January 8, 2022, Helvey Tradeline - Excerpt |

# PLAINTNIFF'S EXHIBIT A
## Mr. Cruz's Trans Union Consumer Disclosure, January 9, 2022
## Helvey Tradeline - Excerpt

**TransUnion**

Review the information below to make sure it's accurate. If you want to dispute an item, select it and follow the prompts. You can add multiple items before you submit your dispute. Questions about your dispute options? See our FAQ.

### Personal Information

If you need to update your SSN or birth date, or add a new name, address or phone number, see our FAQ.
Your SSN has been masked for your protection.

**Credit Report Date**
01/09/2022

**Social Security Number**
[redacted]

**Date of Birth**
[redacted]

**Name**
MARK ANTHONY CRUZ

---

**HELVEY AND ASSOCIATES**
[redacted]                                                                                    Dispute

| | |
|---|---|
| Address | Phone |
| 1015 E CENTER ST WARSAW, IN 46580 | (574) 267-7922 |
| Date Opened | Responsibility |
| 10/08/2021 | Individual Account |
| Account Type | Loan Type |
| Open Account | COLLECTION AGENCY/ATTORNEY |
| Balance | Date Updated |
| $183 | 12/06/2021 |
| High Balance | Original Creditor |
| $183 | DUKE ENERGY FLORIDA |

https://service.transunion.com/dss/disputeCategories.page                            16/42

1/9/22, 1:34 PM                                            Dispute Categories

| | |
|---|---|
| Past Due | Pay Status |
| $183 | >Collection< |
| Estimated month and year this item will be removed | Remarks |
| 08/2028 | >PLACED FOR COLLECTION< |

# PLAINTIFF'S EXHIBIT B
## Mr. Cruz's Equifax Consumer Disclosure, January 9, 2022
## Helvey Tradeline - Excerpt



# PLAINTIFF'S EXHIBIT C
## Trans Union's Dispute Results to Mr. Cruz, January 5, 2022
## Helvey Tradeline – Excerpt

1/5/22, 1:33 PM                                                                 Dispute Results

**TransUnion.**

Report Created On: 01/05/2022
File Identification Number: ▮
Provided by TransUnion Consumer Relations

### Your Investigation Results

**INVESTIGATION RESULTS – VERIFIED AS ACCURATE:** The disputed item was verified as accurate.

We investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE. Here is how this item appears on your credit report following our investigation.

HELVEY AND ASSOCIATES
1015 E CENTER ST
WARSAW, IN 46580

#### Account Details

| | |
|---|---|
| Account Number | ▮ |
| Name | HELVEY AND ASSOCIATES |
| | 1015 E CENTER ST WARSAW, IN 46580 |
| | (574) 267-7922 |
| Date Opened | 10/08/2021 |
| Responsibility | Individual Account |
| Account Type | open |
| Loan Type | COLLECTION AGENCY/ATTORNEY |
| Balance | $183 |
| Original Amount | $183 |

https://service.transunion.com/dss/disputeResults.page                                   1/5

1/5/22, 1:33 PM                                                                 Dispute Results

| | |
|---|---|
| Original Creditor | DUKE ENERGY FLORIDA (Utilities) |
| Past Due | $183 |
| Pay Status | >In Collection< |

Page **13** of **14**

**PLAINTIFF'S EXHIBIT D**
Equifax's Dispute Results to Mr. Cruz, January 8, 2022
Helvey Tradeline - Excerpt

# EQUIFAX

## CREDIT FILE : January 08, 2022

## Confirmation #

Dear CRUZ MARK:

Consumer's dispute not specific. Consumer information verified. Account information updated: Information on your report has been updated.

**The Results Of Our Reinvestigation**

**Collection Agency Information**   (This section includes accounts that have been placed for collection with a collection agency.)

>>> We have researched the collection account. Account # - ███  The results are: WE VERIFIED THAT THIS ITEM BELONGS TO YOU. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *STATUS DATE *BALANCE DATE. If you have additional questions about this item please contact: **HELVEY & A**, 1015 E Center St, Warsaw, IN 46580-3420 Phone: (800) 733-3957

**HELVEY & ASSOCIATES**   1015 E Center St Warsaw IN 465803420 : (800) 733-3957

| Account Number | | Date Reported | Date Assigned | Creditor Class | Client Name | | Original Amount |
|---|---|---|---|---|---|---|---|
| 805* | | 01/2022 | 10/2021 | Utilities | HELVEY & ASSOCIATES | | $ 183 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account | |
| 01/2022 | Unpaid | 09/2021 | 01/2022 | $ 183 | | Individual Account | |

(Continued On Next Page)                                              Page 3 of 6